SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JILL M. PIETRINI (Cal. Bar No. 138335)
  jpietrini@sheppardmullin.com
PAUL A. BOST (Cal. Bar No. 261531)
  pbost@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California  90067-6055
Telephone:  (310) 228-3700
Facsimile:   (310) 228-3701

Attorneys for Plaintiff ACI LICENSING, LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| ACI LICENSING, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CR LICENSING LLC, a New York limited liability company,<br><br>Defendant. | Case No. 2:18-cv-18-7822<br><br>**COMPLAINT FOR BREACH OF CONTRACT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ACI Licensing, LLC ("ACI), for its complaint against defendant CR Licensing LLC ("Defendant"), alleges as follows:

### FACTS COMMON TO ALL CAUSES OF ACTION

### Summary of the Action

1. On October 12, 2017, ACI filed a complaint against Defendant in this Court for, *inter alia*, Defendant's breach of the Representation Agreement (as defined below) and for a declaration as to certain of its rights under the Representation Agreement.  That lawsuit was assigned Case No. 2:17-cv-7480-RGK (the "Related Case").  A true and correct copy of the complaint in the Related Case is attached hereto as **Exhibit A**.  Defendant never appeared in the Related Case.

Accordingly, the clerk entered default against Defendant on November 13, 2017 in the Related Case.   ACI filed a motion for entry of default judgment, which the Court granted on February 7, 2018.   A true and correct copy of the Court's order granting ACI's motion for default judgment is attached hereto as **Exhibit B**.  On February 12, 2018, the Court entered judgment against Defendant in the Related Case.  A true and correct copy of the judgment entered against Defendant in the Related Case is attached hereto as **Exhibit C**.

2. ACI brings this lawsuit to recover money damages arising from Defendant's *continued* breach of the Representation Agreement (as defined below) by failing to pay ACI its commissions earned thereunder.

### Parties and Jurisdiction

3. ACI is a limited liability company incorporated under the laws of Delaware, with a principal office located at 12121 Wilshire Blvd., Suite 850, Los Angeles, CA 90025, United States, and an additional office located at 1385 Broadway, 18th Floor New York, NY 10018.

4. Upon information and belief, Defendant is a limited liability company incorporated under the laws of New York, with a principal office located at 16 Morton Street, New York, NY 10014.  On information and belief, Defendant owns various trademarks associated with the brand name CYNTHIA ROWLEY under multiple classes in the U.S. and abroad, covering various products, including cosmetics, women's apparel, bags, jewelry, fitness accessories, home furnishings, pet products, rugs, home décor, office products and technology accessories.

5. Upon information and belief, Cynthia Rowley is an individual residing in New York, who is known as an experienced fashion designer, author, TV personality, and the founder and Chief Executive Officer of Defendant.  On information and belief, Ms. Rowley controls Defendant and is a Managing Member of Defendant.  The acronym Defendant stands for <u>C</u>ynthia <u>R</u>owley <u>L</u>icensing.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Specifically, Defendant and ACI are resident of different states and the amount in controversy exceeds $75,000.

7. Defendant is subject to personal jurisdiction in this District because it does business in this District and/or the claims arose in this District. Also, Defendant has expressly consented to jurisdiction in this District in Section 12 of the Representation Agreement.

8. Venue is proper pursuant to 28 U.S.C. § 1391 in this case because Defendant is deemed to reside in this District for venue purposes and is subject to personal jurisdiction in this District, and/or a substantial part of the events or omissions giving rise to the instant claims occurred in this District.

**History of ACI's Relationship as Licensing Agent for Defendant**

9. ACI was founded on or around 2002, originally under the name Magna Global Licensing, until renamed ACI on or around 2006 following the purchase of the majority of its equity by Charles D. Mamiye and Andy Cohan, two individuals with a cumulative experience of over 50 years in licensing, marketing merchandising and retail. Charles D. Mamiye and Andy Cohan have been serving as co-CEOs of ACI since 2006.

10. Under their leadership, ACI quickly became a leading licensing agency, representing numerous well-known brands, designers, celebrities, personalities, and television properties.

11. ACI's services focus on identifying and executing business opportunities – which vary from new target product categories and channels of distribution to new licenses – intended to maximize and monetize the long-term name power of the brands it represents.

12. Throughout the years, ACI has managed to establish long standing top-level relationship with retailers, manufacturers and distributors.

13. This enabled ACI to succeed in its core service – soliciting and securing long-term prospective trademark and other intellectual property licensees for the benefit of its clients.

14. On November 27, 2007, following several months of discussion and negotiation between the parties, Defendant and ACI entered into a licensing representation agreement with respect to the trademarks and rights owned by or associated with Ms. Rowley, as well as the name, likeness, and image of Ms. Rowley (the "Representation Agreement").

15. The Representation Agreement provides that Defendant would, as requested by Defendant, provide various services customary for such licensing representation engagements, as further stipulated in Section 2 thereto, with the core and ultimate goal of obtaining new license agreements for Defendant.

16. Section 8.a. of the Representation Agreement provides commission to ACI of 20%-25% on all royalties paid to Defendant (in addition to 20% on all design fees) ("ACI Compensation").

17. Section 8.b. of the Representation Agreement provides that ACI shall receive ACI Compensation for any license agreements procured by ACI for Defendant pursuant to the Representation Agreement that are renewed or extended beyond the expiration or termination of the Representation Agreement.

18. The Representation Agreement quickly proved to be very beneficial to Defendant. By February 2009, ACI had secured for Defendant two (2) major licensees resulting in Defendant license agreements with Simplicity Pattern Co. Inc. ("Simplicity"), dated August 15, 2008 (as amended, the "Simplicity Agreement") and with TJX Companies, Inc. ("TJX"), dated February 27, 2009 (as amended, the "TJX Agreement"), owner of well-known retailers TJ Maxx, Homes Goods, and Marshall's.

19. ACI continued to act as Defendant's exclusive licensing agent, procuring additional licenses for Defendant after expiration of the Representation

-4-

Agreement. To date, the following *eleven* licenses agreements were procured by ACI for the benefit of Defendant pursuant to the Representation Agreement (collectively the "Applicable CR License Agreements"):

- License Agreement between CR Licensing LLC, as licensor, and Simplicity, as licensee, dated August 15, 2008;
- License Agreement between CR Licensing LLC, as licensor, and TJX, as licensee, dated February 27, 2009;
- License Agreement between CR Licensing LLC, as licensor, and JS Group International LTD., as licensee, dated November 27, 2013;
- License Agreement between CR Licensing LLC, as licensor, and Staples The Office Superstore, LLC, as licensee, dated January 1, 2014;
- License Agreement between CR Licensing LLC, as licensor, and David's Bridal, Inc., as licensee, dated November 10, 2014;
- License Agreement between CR Licensing LLC, as licensor, and Hooker Furniture Corporation, as licensee, dated January 20, 2015;
- License Agreement between CR Licensing LLC, as licensor, and Inter Parfums USA, LLC, as licensee, dated March 27, 2015;
- License Agreement (for the CYNTHIA ROWLEY trademark) between CR Licensing LLC, as licensor, and PS Brands, LLC, as licensee, dated April 1, 2015. On information and belief, PS Brands LLC assigned its rights under this agreement to GBG USA Inc. ("GBG") on or around November 5, 2015;
- License Agreement (for the ROWLEY FITNESS trademark) between CR Licensing LLC, as licensor, and PS Brands, LLC, as licensee, dated April 1, 2015. On information and belief, PS Brands LLC assigned its rights under this agreement to GBG on or around November 5, 2015;

- License Agreement between CR Licensing LLC, as licensor, and LifeWorks Technology Group LLC, as licensee, dated September 25, 2015; and

- License and Design Services Agreement between CR Licensing LLC, as licensor, and Hanesbrands Inc., as licensee, dated March 1, 2016.

**Defendant's Breach of the Representation Agreement and the Related Case**

20. Beginning in 2017, Defendant ceased making payments of the ACI Compensation earned from certain Applicable CR License Agreements. Defendant also began taking bad faith actions designed to cutoff ACI's right to ACI Compensation by, *inter alia*, terminating certain Applicable CR License Agreements or allowing them to expire for the purpose of entering into a "new" agreement with the applicable license to cut ACI out of its duly owed commissions.

21. Accordingly, on October 12, 2017, ACI filed its complaint in the Related Case. In the Related Case, ACI sought, *inter alia*:

- on its breach of contract claim, an award of all outstanding ACI Compensation owed it by Defendant;

- a declaration that Section 8.b. of the Representation Agreement applies to any extension and/or renewal of each and every license agreement ACI brokered or procured on behalf of Defendant, regardless of the form of said extension or renewal, including Defendant allowing for the expiration or termination of an agreement solely for the purpose of entering into a "new" agreement with the applicable licensee; and

- a declaration that the applicable rate of compensation due ACI for Defendant's license agreements with Simplicity and TJX is 25% commission on royalties and 20% on all design fees paid to Defendant.

22. ACI served Defendant with the complaint and the summons in the Related Case but Defendant did not file a responsive pleading. Accordingly, on November 13, 2017, the clerk entered default against Defendant in the Related Case.

ACI thereafter filed a motion for default judgment, which was granted on February 7, 2018 and, on February 12, 2018, the Court entered judgment against Defendant in the Related Case.  The judgment included, *inter alia*, a monetary award of $292,958.71 – which amount consists of ACI's damages, prejudgment interest, and ACI's attorneys' fees – and declaratory relief in the form ACI requested.

23. As of the filing of this complaint, Defendant has not appeared in the Related Case or otherwise moved to set aside the judgment.

**Defendant's Continued Breach of the Representation Agreement**

24. ACI has fully performed all of its obligations under the Representation Agreement.  ACI has acted in good faith and in furtherance of the terms of the Representation Agreement, and has used its best, or at least commercially reasonable, efforts to carry out all its obligations thereunder in an efficient and professional manner.

25. Defendant continues to breach the Representation Agreement by failing to pay ACI the ACI Compensation it is owed on royalties that continue to be generated by certain of the Applicable CR License Agreements.

26. Specifically, Defendant has not paid ACI the ACI Compensation for the fourth quarter of 2017 and the first quarter of 2018, which amount, on information and belief, is greater than $265,132.09.

27. On August 27, 2018, ACI sent Defendant a demand letter for payment of the amount currently owed under the Representation Agreement.  The August 27, 2018 letter was sent to Defendant by U.S. Mail and by Return Receipt Requested.  A true and correct copy of the August 27, 2018 letter is attached hereto as **Exhibit D**.  To date, Defendant has not responded to the letter.

**FIRST CAUSE OF ACTION**

**(Breach of Contract)**

28. ACI repeats and realleges each and every allegation contained in paragraphs 1 through 27 as if fully restated here.

29. ACI has done all, or substantially all, of the significant things that the Representation Agreement required it to do.

30. Defendant has breached its obligation under the Representation Agreement to timely pay ACI Compensation within *ten* days after receipt of the royalties in connection with the Applicable CR License Agreements.

31. As a direct result of the foregoing, ACI has suffered damages in an amount to be determined at trial but in no event less than $265,132.09, plus interest.

## **PRAYER FOR RELIEF**

WHEREFORE, ACI respectfully requests that the Court enter judgment in its favor as follows:

1. On the first count, compensatory damages in an amount to be determined at trial but in no event less than $265,132.09, plus interest;

2. For costs of suit herein incurred, including, but not limited to, attorneys' fees, per Section 17 of the Representation Agreement;

3. For pre-judgment interest on any recovery by ACI; and

4. Granting ACI such other and further relief as the Court may deem to be just and proper.

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

Dated: September 7, 2018

By: /s/Paul A. Bost
    Jill M. Pietrini
    Paul A. Bost
    Attorneys for Plaintiff
    ACI Licensing, LLC

## JURY DEMAND

ACI demands a trial by jury of all issues triable by jury.

Respectfully submitted,

Sheppard, Mullin, Richter & Hampton LLP

Dated:  September 7, 2018

By: /s/Paul A. Bost
Jill M. Pietrini
Paul A. Bost
Attorneys for Plaintiff
ACI Licensing, LLC

SMRH:486820426.1